IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARY K. EDELMANN and                                                                PLAINTIFFS
CHRISTOPHER EDELMANN

v.                                              No. 4:07CV00633 JLH

UNITED STATES OF AMERICA                                                           DEFENDANT

**OPINION AND ORDER**

This case was transferred, pursuant to 28 U.S.C. § 1631, to this Court from the United States Court of Federal Claims by an order filed on April 24, 2007. That order recounts the history of the case as follows:

> Plaintiffs originally brought this action against the United States, various named and unnamed Assistant United States Attorneys ("AUSAs"), and several financial institutions in November 2003. In their original complaint ("Compl.," docket entry 1), plaintiffs sought $1.5 million in damages, alleging a number of misdeeds surrounding grand jury subpoenas and the financial institutions' subsequent disclosure of certain of plaintiffs' financial records in compliance with those subpoenas. Compl. ¶¶ 1-14.
>
> On April 9, 2004, defendant filed a motion to stay proceedings (docket entry 13), pending the outcome of criminal proceedings involving Ms. Edelmann, from which plaintiffs' claims in this action arose. The Court granted defendant's motion on May 5, 2004, and ordered that a status report be filed within ten days after the conclusion of criminal proceedings against Ms. Edelmann, including any appeal. On August 25, 2006, defendant filed a status report (docket entry 19) informing the Court that Ms. Edelmann's conviction for mail fraud, wire fraud, and money laundering, United States v. Edelmann, 458 F.3d 791, 798 (8th Cir. 2006), had been affirmed by the United States Court of Appeals for the Eighth Circuit. On October 6, 2006, following the issuance of the mandate of the Court of Appeals, this Court issued an order lifting the stay and setting a schedule for further proceedings in this case (docket entry 22).
>
> On October 24, 2006, plaintiffs filed a motion for leave to amend their complaint, as well as their proposed second amended complaint ("Sec. Am. Compl.," docket entry 23). Their motion for leave to amend explained that, since the filing of the original complaint and their first amended complaint, defendant's alleged continuing misconduct with respect to Ms. Edelmann's criminal conviction had given rise to other claims in addition to those originally stated. Plaintiffs' second amended

complaint included 124 allegations, up from fourteen in the original complaint.[1]

> Plaintiffs allege that the Government, through the various AUSAs, committed fraud, misrepresentation, slander, perjury, harassment, intimidation, coercion, theft, defamation, and that the Government deprived Ms. Edelmann of her right to a fair trial. *See, e.g.*, Sec. Am. Compl. ¶¶ 26-30, 42, 44, 48, 50-52, 56-57, 62, 65, 66, 72-73, 84, 87, 89-90, 103-04, 112-13, 116, 120-21, 123-24. Plaintiffs assert that the Government violated a plea agreement they allege Ms. Edelmann entered into, under which she would cooperate with the Government and, in return, would only be charged with one count of fraud and would not be incarcerated. *Id*. ¶¶ 11, 32-33. Although the alleged plea agreement was not memorialized in a signed writing, plaintiffs allege that the Government entered into an implied-in-fact contract with Ms. Edelmann. Pls.' Resp. 3. Plaintiffs further assert that the Government unlawfully gained access to, and certain financial institutions unlawfully disclosed to the Government, plaintiffs' financial records in violation of the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3401 et seq. (2000) ("RFPA"). Sec. Am. Compl. ¶¶ 12-19. Plaintiffs allege that the Government violated Ms. Edelmann's constitutional rights by incarcerating her in a mental institution and forcing her to undergo a mental evaluation, *id.* ¶ 93, and deprived plaintiffs of their Fifth and Fourteenth Amendment rights to due process and equal protection of the law. *Id.* ¶¶ 12, 19. Plaintiffs also allege that the forfeiture of certain of plaintiffs' property constituted a taking without just compensation under the Fifth Amendment. Pls.' Resp. 12-16. Finally, plaintiffs allege that the Government violated Ms. Edelmann's Eighth Amendment right to be free from cruel and unusual punishment and her Sixth Amendment right to counsel. Sec. Am. Compl. ¶¶ 108, 118-19.

*Edelmann v. United States*, 76 Fed. Cl. 376, 378-79 (Fed. Cl. 2007) (footnote omitted).

The United States moved to dismiss the second amended complaint for lack of subject matter jurisdiction. The Court of Federal Claims found that it lacked subject matter jurisdiction over plaintiffs' claims relating to named and unnamed individual and financial institution defendants, over plaintiffs' tort claims, over the alleged implied-in-fact plea agreement between Ms. Edelmann and the government, over plaintiffs' RFPA claims, and over plaintiffs' constitutional claims. The

---

[1] Although the record transferred from the Court of Federal Claims contains a November 1, 2006, order in which Judge George Miller granted plaintiffs' motion to file the proposed second amended complaint attached as an exhibit to the motion and in which he directs the Clerk to file the second amended complaint, there is no entry reflecting that the second amended complaint was filed and docketed as a separate document.

Court of Federal Claims further found that, even if there were jurisdiction over the alleged implied-in-fact plea agreement claim, the plaintiffs would be precluded from relitigating the issue of whether that was a plea agreement because of the doctrine of collateral estoppel.  In addition, the Court of Federal Claims ruled that plaintiffs were not entitled to recover expenses incurred in Mary Edelmann's criminal trial.  Finally, in the interest of justice, the Court of Federal Claims transferred all of the plaintiffs' claims to this Court and denied the motion to dismiss.

The transfer order, docket sheet, and original record were received and filed in this Court on July 13, 2007.  This Court denied the United States' motion to dismiss without prejudice as moot to the right of one or more of the defendants to file subsequent dispositive motions.

The second amended complaint named the United States of America, four Assistant United States Attorneys from this district, one FBI agent, and eight financial institutions.  The United States has entered an appearance.  No other defendant has been served with summons and complaint.  Except for American Express Credit Card Company and Assistant Untied States Attorney Angela Jegley, all of the named defendants in this case were named as defendants in another case in this district, *Mary Edelmann and Christopher Edelmann v. H.E. "Bud" Cummins, et al.*, Case No. 4:04CV00976 (E.D. Ark. 2004), which was dismissed with prejudice.  However, in that case the Assistant United States Attorneys and the FBI agent were named in their individual capacities, whereas in this case, the complaint is silent on whether these persons are sued in their individual or official capacities.  The prayer for relief seeks damages only from the United States.  Because the Assistant United States Attorneys and the FBI agent are not expressly named in their individual capacities, they are sued here in their official capacities, which means that the case ultimately is against the United States, not against the employees of the United States named in the complaint.

*Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007).

Plaintiffs have filed a motion for summary judgment. They contend that the United States was ordered to file its response to the second amended complaint on or before February 15, 2007,[2] and that, while the United States filed a motion to dismiss for lack of jurisdiction on February 15, the government did not dispute any of the claims for damages. Plaintiffs argue that as the United States did not deny any of the averments or claims stated in the second amended complaint, those claims are deemed admitted pursuant to Rule 8(d) of the Federal Rules of Civil Procedure which provides, in relevant part: "Effect of Failure to Deny – Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." Asserting that there are no genuine issues of material fact in this dispute, plaintiffs request summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure against the United States in the amount of $1,500,000.00.

The United States responded that, after the case was transferred, this Court denied the motion to dismiss without prejudice to the right of any of the named defendants to file subsequent dispositive motions. It argues that, pursuant to Rules 6(a) and 12(a)(4)(A) of the Federal Rules of Civil Procedure, August 7, 2007, was the earliest possible date on which a response to the plaintiffs' second amended complaint would have been due and the Court granted a timely motion for extension by which the government had until August 30, 2007, within which to respond to the second amended complaint and motion for summary judgment. The government states that, in lieu of filing an answer to the claims asserted in the second amended complaint, it has filed a motion to dismiss the complaint pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

---

[2] The record reflects that the correct date was February 16, 2007.

Plaintiffs filed a reply recounting the timing of the government's filings, including filing a second motion to dismiss which raised additional issues that could and should have been raised in the original motion filed in March. They contend that the United States has waived the defenses which it now asserts and is continuing to delay these proceedings with successive motions to dismiss rather than a properly filed response to the claims. Plaintiffs argue that the case is nearly four years old and the United States has not yet filed an answer, which plaintiffs say creates an unfair advantage. They ask the Court to impose the amendments to Rule 12, which will become effective on December 1, 2007, to consider waived the grounds made in the second motion to dismiss.

The government filed a supplemental response arguing that the waiver provision in Fed. R. Civ. P. Rule 12(h) does not apply to the defenses raised here – lack of subject matter jurisdiction and failure to state a claim. It notes that the July 24 order specifically denied the motion to dismiss that had been filed in the Court of Federal Claims without prejudice to the right to file subsequent dispositive motions. The United States argues that the second amended complaint raises substantial threshold legal issues which should be resolved before the case proceeds further.

Plaintiffs filed a supplemental reply again recounting "lengthy delays and gaining an unfair advantage" by the actions of the United States. They assert that, after the Court of Federal Claims found that a transfer was in the interest of justice and denied the motion to dismiss, the United States did not appeal that order. Plaintiffs continue that, after the case was transferred, this Court amended that order by denying it without prejudice as moot. They contend that Rule 12(h) does not authorize successive motions to dismiss and that the government should have filed an answer or a motion for judgment on the pleadings. As an alternative to granting summary judgment, they ask that the statute of limitations be tolled as to all claims raised in the second amended complaint due to the deliberate

delays which have prejudiced plaintiffs.

On August 30, 2007, the United States filed a motion to dismiss, supported by brief and exhibits, for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The United States argues that the plaintiffs do not state a claim under the RFPA; the constitutional and tort claims are barred by the *Heck v. Humphrey* doctrine; the complaint is barred by the doctrine of equitable estoppel; the constitutional claims are barred by sovereign immunity; the FTCA claims are barred by the exceptions to the FTCA; and, should the amended complaint be construed to allege constitutional claims (*Bivens* claims) against the individual federal defendants in their personal capacities, such claims are barred by absolute and qualified immunity.

Plaintiffs responded on September 17 with a brief and exhibits. They first recount the history of this case and assert that the United States is not entitled to file a second motion to dismiss. Plaintiffs argue that the constitutional and tort claims are not barred by the *Heck v. Humphrey* doctrine; there are violations of the RFPA; the doctrine of equitable estoppel is inapplicable to this case;[3] the defendants do not have immunity in this case; and there has been an entry of appearance

---

[3] At page 13 of this response, plaintiffs state:

> Plaintiff Mary Edelmann did agree to turn herself in to the U.S. Marshal Service after sentencing in the criminal matters which at that time was scheduled for November 10, 2004. However, Plaintiff Mary Edelmann's attorney advised her that the sentencing hearing would be continued and that she would not be required to turn herself in until after sentencing. Plaintiff Mary Edelmann did not turn herself into the Marshal Service on November 10, 2004 in reliance upon the information that she had been provided and the Plea Agreement.

Document #31. However, at page 121 of the reply filed in support of Mary Edelmann's § 2255 motion in *United States v. Edelmann*, No. 4:02CR00128 JLH, she states:

> Defendant does not dispute that she did not turn herself in to the U.S. Marshal Service as she was directed to do by her attorney, Gardner and AUSA Jegley. Defendant checked the Court's record, there was no order directing her to turn herself

6

by the individual federal defendants.

The United States in its reply states that, although the second amended complaint was never actually filed with the Clerk of the Court of Federal Claims, it will assume that pleading is properly before this Court.  The United States contends that the second amended complaint does not assert claims against any federal defendant except the United States and does not state a claim by Christopher Edelmann upon which relief can be granted and for which the Court has subject matter jurisdiction.  It argues that Christopher Edelmann was not indicted, he did not file a claim in the forfeiture of their house, his allegations concerning violations of the RFPA do not state a violation of that act as there was reason to believe his records were relevant as the evidence at trial included evidence of a loan transaction in the name of Chris A. Edelmann, his tort claims for "slanderous and false statement in open court" were not presented in an administrative FTCA claim as required by 28 U.S.C. § 2675(a), and the FTCA excludes any claims arising out of slander, libel, misrepresentation, and deceit.  Turning to the claims of Mary Edelmann, the United States asserts that she has not stated a claim under the RFPA upon which relief can be granted as the records were obtained by either grand jury or trial subpoena, sovereign immunity bars all her claims against the United States, the *Heck v. Humphrey* doctrine bars Mary Edelmann's constitutional and FTCA claims, all her claims are barred by the doctrine of equitable estoppel, the Court lacks subject matter jurisdiction over the FTCA claims of Mary Edelmann, and the individual federal defendants have not entered their appearances and Mary Edelmann's request to amend her complaint to include

---

in to the U.S. Marshal Service and Defendant therefore refused to comply with Gardner, Jegley and her attorney's demands.  The order was not entered until after Defendant did not comply with the demands of Gardner, Jegley and her attorney.

Def.'s Reply at 121, *Edelmann*, No. 4:02CR00128 JLH (Document #325).

claims against the individual federal defendants in their personal capacities should be denied.

Because the parties have submitted matters outside of the pleadings in support of and in opposition to the motion to dismiss, the Court will consider those matters and will treat the motion as one for summary judgment. *See* FED. R. CIV. P. 12(b).

On November 9, 2004, the United States and Mary Edelmann entered into a plea agreement in *United States v. Edelmann*, 4:04CR00228 WRW, that included the following term:

> The defendant agrees to dismiss all civil actions relating to the investigation and prosecution of case number 4:02CR00128 and this case that have been filed by her against Assistant United States Attorneys and Federal Bureau of Investigation agents in the United States Court of Claims; filed by her against Assistant United States Attorneys, Federal Bureau of Investigation agents, and other individuals and entities in the United States District Court for the Eastern District of Arkansas; all claims and appeals filed by her in the United States Court of Appeals for the Eighth Circuit; and all complaints filed by her against Assistant United States Attorneys and Darrell Brown with the Arkansas State Bar.

Plea Agreement at 4, *Edelmann*, No. 4:04CR00228 WRW (Document #26). Pursuant to the plea agreement, the civil action mentioned above, *Edelmann v. Cummins*, 4:04CV00976, was dismissed on motion of Mary and Christopher Edelmann, but they did not dismiss the instant case, which was then pending in the Court of Federal Claims. In fact, on October 6, 2006, plaintiffs moved for leave to file the second amended complaint to add allegations largely the same as those dismissed in 4:04CV00976. The government argues that, in return for the plea agreement, the United States agreed to dismiss Count II of the indictment, stipulated to a base offense level of 12 for sentencing guidelines purposes, and agreed that Mary Edelmann would be eligible for a two point reduction for acceptance of responsibility. The district court rejected Mary Edelmann's motion to terminate the plea agreement, and the Eighth Circuit affirmed. *United States v. Edelmann*, 192 F. App'x 578 (8th Cir. 2006).

The United States argues that the elements of equitable estoppel are present as plaintiffs' position in maintaining this lawsuit is clearly inconsistent with Mary Edelmann's prior agreement that she would dismiss this suit; the district court accepted the plea agremeent and denied Mary Edelmann's motion to terminate it; and the plaintiffs would derive an unfair advantage by continuing this litigation if not estopped from doing so as they have deprived the United States of the benefit of the plea agreement.

Plaintiffs respond that Christopher Edelmann was not a party to the plea agreement and so is not bound by its terms; the defendants knowingly breached the plea agreement after they coerced her to enter into it and so she is not bound by the plea agreement; the plea agreement did not require dismissal of this lawsuit, which was originally filed in the Court of Federal Claims; and the defendants continued to engage in unlawful and improper conduct after the filing of the plea agreement. The conduct that plaintiffs contend was improper includes collection of an unlawful debt of Thomas Richardson; Gardner and Vena caused Mary Edelmann to be transported from the jurisdiction after her arrest on November 29, 2004, to avoid her being brought before the court for a hearing on the arrest warrant, which Vena obtained through misrepresentations to the Court; defendants caused Mary Edelmann to be forced to undergo an invasive mental evaluation that was not authorized by statute; they caused Mary Edelmann to be forced to endure inhumane conditions of the Pulaski County Jail for months after her arrest in violation of her Eighth Amendment rights; defendants deliberately caused her to be deprived of medications and medical care and treatment while being held in the jail while there was no valid detention order entered by any court; Gardner knowingly presented to the Court falsified documents created by Richardson to aid him in his extortion and collection of the unlawful debt; and Gardner and Vena have repeatedly lied to the

Court regarding the forfeiture of Mary Edelmann's business property and have manipulated and mischaracterized the facts and record to support their lies.

In its reply, the United States maintains that Mary Edelmann agreed in the plea agreement to dismiss all civil actions relating to the investigation and prosecution of her two criminal cases, including actions filed by her in the Court of Federal Claims.  To her argument that she is not estopped from bringing this action because the government breached the plea agreement, the United States notes that the district court denied her motion to withdraw her plea, the denial was affirmed on appeal, and the district court – in the 28 U.S.C. § 2255 motion filed in 4:04CR00228 WRW – recently rejected her arguments that the prosecution was vindictive and retaliatory, that the government breached the plea agreement, and that her plea was coerced and involuntary.

In 4:04CV00976, Mary and Christopher Edelmann alleged claims arising out of the investigation, trial, forfeiture and conviction of Mary Edelmann in 4:02CR00128.  On November 12, 2004, the Court entered an order in 4:04CV00976, noting that a plea agreement had been filed on November 9, 2004, in *United States v. Edelmann*, 4:04CR00228 WRW, providing in part that Mary Edelmann would dismiss all civil actions related to that case and 4:04CR00128, that the criminal cases would be consolidated for sentencing before that Court, and that Mary Edelmann would surrender to the United States Marshal's service by noon on November 10.  The order directed the plaintiffs to file a status report advising the Court of the date by which they would file a motion to dismiss the case.  By motion filed on November 15, 2004, both plaintiffs moved to dismiss 4:04CV00976 with prejudice as to all defendants.  On November 16, 2004, Christopher Edelmann filed a separate motion to dismiss with prejudice all federal defendants and attorneys as to all claims with the exception of the matter and the four defendants relating to the return of plaintiffs' 2002

Chevrolet Avalanche. By order filed on November 23, 2004, the Court, pursuant to the November 15 motion to dismiss, dismissed all claims of Mary Edelmann against all defendants with prejudice. Christopher Edelmann was directed to file a motion to clarify the ambiguities created by the filing of the November 15 and 16 motions. On December 14, 2004, Christopher Edelmann filed a motion to dismiss stating that he had resolved all claims concerning the vehicle and moved for dismissal of his complaint with prejudice to those four defendants. An order of dismissal with prejudice approved by Christopher Edelmann and the attorneys for those four defendants was filed on December 15, 2004. On December 16, 2004, the Court found that as the claims involving the Avalanche had been resolved, all claims of Christopher Edelmann against all the remaining defendants were dismissed with prejudice pursuant to his November 15 and 16 motions to dismiss.

The application of the doctrine of equitable estoppel requires that this action be dismissed with prejudice. In *Heckler v. Community Health Services of Crawford*, 479 U.S. 51, 59, 104 S. Ct. 2218, 2223, 81 L. Ed. 2d 42 (1984), the court stated, "[e]stoppel is an equitable doctrine invoked to avoid injustice in particular cases." While "a hallmark of the doctrine is its flexible application," the party claiming estoppel must have relied on its adversary's conduct, and that reliance must have been reasonable. *Id*. Here, the undisputed facts show that Mary Edelmann promised that this civil action would be dismissed, that the United States relied on that promise, and that the reliance was reasonable. The plea agreement in 4:04CR00228 WRW expressly required Mary Edelmann to dismiss "all civil actions related to the investigation and prosecution of case No. 4:03CR00128 . . . that have been filed by her against Assistant United States Attorneys and Federal Bureau of Investigation Agents in the United States Court of Claims[.]" Plea Agreement at 4, *Edelmann*, No. 4:04CR00228 WRW (Document #26). The instant action was the only action to which that

provision of the plea agreement could have referred, so that provision clearly contemplated that this action would be dismissed. Although Christopher Edelmann was not a party to the plea agreement, he was and is in privity with Mary Edelmann, who was a party, and she promised that this action and 4:04CV00976 would be dismissed in return for concessions made to her by the United States in the plea agreement. Both Mary Edelmann and Christopher Edelmann dismissed with prejudice their claims in 4:04CV00976 immediately after Judge Howard entered an order on November 12, 2004, stating:

> On November 9th, a plea agreement was filed in *United States v. Edelmann*, 4:04CR00228 WRW, that provided in part that Mary would dismiss all civil actions related to that case and *United States v. Edelmann*, 4:02CR00128 GH; that the criminal cases would be consolidated for sentencing before the undersigned; and that Mary would surrender to the United States Marshal's service by noon on November 10th.
>
> In light of the stipulation in the plea agreement providing for all civil actions related to both criminal cases would be dismissed, the Court needs to ascertain when plaintiffs will be filing the necessary papers to dismiss this action. Accordingly, plaintiffs are directed to advise the Court, by a status report filed within 30 days of the file-date of this order, the date by which they will file a motion to dismiss this case. [Footnotes omitted.]

*Edelmann v. Cummins*, No. 4:04CV00976 (E.D. Ark. Nov. 12, 2004) (order directing dismissal of case). Judge Howard's order of November 12, 2004, and the immediate response of Mary and Christopher Edelmann to that order make clear that everyone understood that the plea agreement required that the civil actions be dismissed, not just the claims asserted by Mary Edelmann in those actions. Not only did both plaintiffs dismiss all of their claims, they dismissed all of their claims against all defendants, not just those in the employ of the United States government, as indeed was required by the provision in the plea agreement requiring that "all civil actions related to the prosecution and investigation of case number 4:02CR00128 and this case [4:04CR00228]" be

12

dismissed. Although it is unusual for a term of a plea agreement to require dismissal of a civil case, Mary Edelmann had filed two civil actions – this one and 4:04CV00976 – asserting that in retaliation for Mary Edelmann's exercise of her constitutional rights the office of the United States Attorney for this district and agents of the FBI vindictively and dishonestly investigated her and her husband and, in one case, ultimately obtained a conviction by dishonest and illegal means. Many of those allegations are inconsistent with the guilty plea that Mary Edelmann entered in 4:04CR00228. Mary Edelmann agreed that those allegations would be abandoned in return for concessions that the United States made to her in the plea agreement cited above. At her sentencing, Mary Edelmann was given the benefit of that plea agreement, and if she had not been given the benefit of that plea agreement, she could have so argued on appeal. It would be unjust to allow the Edelmanns to pursue this action after Mary Edelmann was given the benefits of a plea agreement in which it was promised that this action would be dismissed.

The Court need not address the remaining arguments of the United States although they appear meritorious.

The motion of the United States to dismiss, which the Court is treating as a motion for summary judgment, is granted. Document #25. Plaintiffs' motion for summary judgment is denied. Document #14. All claims against the United States are hereby dismissed. The claims against the individually named financial institutions, except the claims against American Express Credit Card, are dismissed based on the doctrine of *res judicata* because those claims, or claims arising from the same set of facts, were previously dismissed with prejudice in case No. 4:04CV00976. The claims against American Express Credit Card Company are dismissed because those claims are barred by the plea agreement discussed above. Plaintiffs have requested an extension of time within which to

serve defendants other than the United States, but that motion is denied because any claims that plaintiffs could assert would be barred by *res judicata* or by the plea agreement, so permitting an extension of time to serve other defendants would be an exercise in futility.

    IT IS SO ORDERED this 6th day of December, 2007.

                                        _____
                                        J. LEON HOLMES
                                        UNITED STATES DISTRICT JUDGE